IgPlaintiffs, Regina Tezeno, individually, and as the administratrix of her minor children, Darren Tezeno and Darinesha Tezeno, seek review of the' trial court’s ruling dismissing Darren’s and Darinesha’s personal injury claims. For the" following reasons, we affirm.

*182
Facts and Procedural History

This case arises from a collision between two automobiles on March 5, 2013. on Williams Boulevard in Jefferson Parish. Plaintiffs were traveling northbound in the center lane of Williams Boulevard when another vehicle, which was travelling northbound in the left lane, entered the center lane and sideswiped their vehicle. All of the passengers were restrained during the collision, which caused minor damage to both vehicles that consisted of a lost headlight and scraped paint. Neither vehicle’s airbag system deployed.
As a result of the accident, plaintiffs filed the instant suit against Mr. Joel Hashim and his insurer, State Farm Mutual Automobile Insurance Company, seeking damages for personal injuries sustained during the collision. The matter proceeded to a bench trial on February 25, 2015.
| a At the conclusion of trial, the district court apportioned 100% fault to Mr. Hash-im, and awarded Regina Tezeno special damages of $1,035.00 and general damages of $4,500.00. The trial court did not award damages to the minor children and dismissed their claims with prejudice. Plaintiffs now appeal the trial court’s refusal to award damages to the children.

Discussion

In Stobart v. State, through DOTD, 617 So.2d 880 (La.1993), the Louisiana Supreme Court set forth a two-part test for the reversal of the factfinder’s determinations: “1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).” Id at 882.
This test dictates that a reviewing court must do more than simply review the record for' some evidence that may controvert the trial court ruling. -Rather, it requires a review of the entire record to determine whether manifest error has occurred. Thus, the issue before the court of appeal is not whether the trier of fact was right or wrong, but whether the’ fact-finder’s conclusion was a reasonable one. London Towne Condominium Homeowner’s Association v. London Towne Company; 06-401 (La.10/17/06), 939 So.2d 1227. Where the factfinder’s determination is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
It is well-settled that vast discretion is accorded to the trier of fact in fixing general damage awards. La. C.C. art. 2324.1; Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670. This vast discretion is such that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, 623 So.2d at 1260.
 The initial inquiry, in reviewing an award of general damages, is whether the trier of, fact. abused its discretion in assessing the amount of damages. Cone v. National Emergency Servs., Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; Reck v. Stevens, 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its- “much discretion” is a resort to prior awards appropriate, and then only for the purpose of determining the *183 highest or lowest point which is reasonably within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
In the instant case, the primary dispute is over the trial court’s refusal to award general and special damages to the minor children, Darren and Darinesha. Here, the plaintiffs introduced medical records that reflect that, beginning two months after the accident, Darren, who was 19 at the time of trial, and Darinesha, who was 17 at the time of trial, were treated by a chiropractor for neck and back pain for about six months.
At trial, both Darren and Darinesha testified that they did not immediately notice any injuries but had headaches, neck pain, and back pain within a week after the accident. First, Darinesha saw her family physician who found no indication of-injury but suggested Ibuprofen for pain relief. After almost three months, Ms. - Tezeno brought Darinesha to her chiropractor, Dr. Robert Dale, who diagnosed Darinesha with, among other things, muscle spasms and lumbosacral and cervical 1 ¿sprains. Dr. Dale treated Darinesha for six months, which helped to reduce her symptoms.
Regarding Darren, after two months, Ms. Tezeno brought Darren to her chiropractor, Dr. Robert Dale, who diagnosed Darren with, among other things, muscle spasms and lumbosacral sprain. Dr. Dale treated Darren for six months,-.which helped to reduce his symptoms.
Clearly, after hearing the evidence and testimony, the trial judge found that Darren and Darinesha had failed to prove that the accident had caused injuries. Based on our review of the record, we cannot say that the trial court abused its vast discretion in refuging to award damages to Darren and Darinesha.

Decree

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED